# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT MADDEN,

          Plaintiff,

-vs-                          Case No. 13-CV-549

DR. ENRIQUE LUY, UW MADISON HOSPITAL,
WISCONSIN DEPARTMENT OF CORRECTIONS,
and DR. DAVID FOLEY,

          Defendants.

# ORDER

This case is before the Court to screen the plaintiff's amended complaint. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless

legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more

2

than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is incarcerated at Racine Correctional Institution (RCI). He is suing Dr. Enrique Luy, UW Madison Hospital, Wisconsin Department of Corrections, and Dr. David Foley.

According to the complaint, on May 8, 2008, Dr. Foley of UW-Madison Hospital performed a "microwave ablation of hepatic mass" on the plaintiff and caused him to suffer a "diaphragmatic burn." (Compl. at 1.) The plaintiff was not told about the injury. He subsequently started treatment for Hepatitis C and after eleven months a nurse told him about the burn, recommended a physical therapist, and sent the plaintiff to a pain clinic.

3

On December 8, 2010, Dr. Alexander Musat recommended that the plaintiff be seen by a pain clinic for the chronic pain due to injury from the burn. Defendant Dr. Luy at RCI refused to provide the recommended treatment thereby subjecting the plaintiff to continuous pain. Instead, Dr. Luy chose to keep the plaintiff on an addictive medication.

The plaintiff has refused treatment from UW Hospital and RCI because he is not receiving treatment for the injury, as well as the lies and mistrust. He asserts that he has no right to a second opinion or to be seen by another physician and seeks Court intervention because he fears for his life.

The Court finds that the plaintiff may proceed on an Eighth Amendment deliberate indifference to a serious medical need claim against Dr. Luy based on allegations that he refuses to provide the recommended treatment thereby subjecting the plaintiff to continuous pain. *See Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). However, the plaintiff may not proceed against the Wisconsin Department of Corrections because it is not suable under § 1983. *See Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 444 (7th Cir. 2009).

In addition, the plaintiff does not state a claim against Dr. David Foley or UW-Madison Hospital. There is no indication that his burn was the result of deliberate indifference, or even negligence for that matter. Accordingly, these defendants will be dismissed.

Motion to Appoint Counsel

The plaintiff has filed a request for counsel. The court has discretion to recruit

4

counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id*.

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. He is proceeding on one narrow claim against one defendant. Moreover, the plaintiff's filings indicate that he is capable of litigating this case himself. Therefore, at this time, the Court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's request for counsel will be denied.

**IT IS THEREFORE ORDERED** that defendants UW Madison Hospital, Wisconsin Department of Corrections, and Dr. David Foley are **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel

5

(Docket #15) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, a copy of plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $332.37 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

6

> Honorable Rudolph T. Randa
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

7

Dated at Milwaukee, Wisconsin, this 27th day of August, 2013.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**