# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT MADDEN,

          Plaintiff,

    -vs-                                 Case No. 13-CV-549

DR. ENRIQUE LUY,

          Defendant.

# ORDER

The plaintiff has filed a motion to amend the complaint along with a proposed second amended complaint. He seeks to reinstate Dr. Foley, the Wisconsin Department of Corrections (DOC), and UW Madison Hospital as defendants related to his Eighth Amendment medical care claim. The Court dismissed defendant Dr. Foley, the DOC, and UW Madison Hospital when it screened the amended complaint. Here, the second amended complaint includes allegations to state an Eighth Amendment medical care claim against Dr. Foley. However, the plaintiff may not proceed against the DOC or UW Madison Hospital because they are not suable entities under 42 U.S.C. § 1983.

Next, the plaintiff has filed a renewed motion to appoint counsel. He contends that an attorney can properly investigate the defendants and that the issues in this case are complex and best argued by an attorney. The plaintiff also asserts that the inmate who has been assisting him with this case will be transferring to another institution soon.

The court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, a litigant must make a reasonable attempt to secure private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

In this case, the plaintiff has attempted to recruit an attorney. However, he still appears competent to proceed on his own at this stage of the proceedings. The plaintiff has been transferred to another institution since he filed this motion and the quality of his filings remains high. Moreover, the issues in his medical care claim are not unduly complex at this time. Thus, the plaintiff's request for pro bono counsel will be denied.

The plaintiff has filed a motion to intervene. He also filed a motion for an injunction and temporary restraining order. These motions request the same relief and the Court considers them jointly. The plaintiff seeks an order prohibiting the head nurse at Racine Correctional Institution acting in concert with the defendant from transferring him

2

to New Lisbon Correctional Institution (NLCI) or any other prison, and from retaliating against him. The plaintiff alleges that the prison medical facility at NLCI is not a hospital where he may receive better medical treatment but rather is a facility where prisoners are sent when they file a civil action against prison officials. He also asserts that he will die if transferred to NLCI.

The defendant contends that the Court should deny the plaintiff's motion because his assertions are untrue. According to the defendant, the plaintiff was transferred to NLCI on October 25, 2013 because of his unmet program needs and because DOC staff concluded that a transfer to NLCI was in the best interest of his medical management plan. (Affidavit of DOC Director of Bureau of Health Services James Greer [Greer Aff.] ¶¶ 11-12.) The plaintiff was refusing medical treatment at his former institution and staff hopes that he will agree to cooperate with the NLCI health care team to manage his medical concerns. (Greer Aff. ¶ 14.) The transfer was not retaliatory. (Greer Aff. ¶ 30.) The facilities at NLCI are adequate to manage the plaintiff's medical needs. (Greer Aff. ¶ 31.)

The factors considered in ruling on a temporary restraining order mirror those on a motion for a preliminary injunction. 11A Charles Alan Wright, et al., Federal Practice and Procedure § 2951 (2d ed. 2013). The applicant must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest. *Christian Legal Soc'y v.*

3

*Walker*, 453 F.3d 853, 859 (7th Cir. 2006). "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied. *Id.*; *see Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004).

Here, there is no support in the record that the plaintiff's recent transfer to NLCI was retaliatory or that he will receive substandard medical care at NLCI. To the contrary, the defendant offers a non-retaliatory reason for the transfer and avers that the medical care available at NLCI and Racine Correctional Institution, the plaintiff's former institution, are similar. In addition, at this stage the plaintiff has not demonstrated a reasonable likelihood of success on the merits. As such, his request for preliminary injunctive relief will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to amend the complaint (Docket 17) is **granted in part and denied in part**. The plaintiff may proceed on the second amended complaint against defendants Dr. David Foley and Dr. Enrique Luy; he may not proceed against UW Madison Hospital and the Wisconsin Department of Corrections.

**IT IS FURTHER ORDERED** that the United States Marshal serve defendant Dr. David Foley with the second amended complaint.

4

**IT IS FURTHER ORDERED** that the defendants file an answer to the second amended complaint.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to intervene (Docket 21) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for an injunction and temporary restraining order (Docket 24) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of December, 2013.

**SO ORDERED,**

*/s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA
U. S. District Judge**