# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT MADDEN,

           Plaintiff,

      -vs-                                     Case No. 13-CV-549

DR. ENRIQUE LUY and
DR. DAVID FOLEY,

           Defendants.

## DECISION AND ORDER

The plaintiff has filed his third and fourth motions for appointment of counsel. (Docket Nos. 36, 43.) He states that his reading level is only 8.5[1] and that he does not understand the Court's Scheduling Order. The plaintiff further asserts that the inmate who was helping him is no longer available and that he cannot properly investigate his medical files or read the medical reports written by the doctors relating to his medical health.

Here, the plaintiff is proceeding on a discrete medical care claim against two defendants. His confusion regarding aspects of civil procedure is not surprising given his lack of a formal legal education. However, the plaintiff's filings reveal that he is making headway in conducting discovery, most notably since the Clerk's Office staff mailed him one of the Court's pro se guides. In short, the plaintiff's filings indicate that he is capable of

---

[1] An attachment to the plaintiff's first motion for counsel titled Inmate Classification Report indicates that the plaintiff has a high school degree and an 8.5 reading level.

litigating this case himself. Therefore, at this time, the Court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's requests for appointment of counsel will be denied.

The plaintiff has filed a motion to intervene. (Docket No. 38.) He asserts that he does not trust that medical staff at New Lisbon Correctional Institution (NLCI) are helping him with his medical needs. According to the plaintiff, one effect of his transfer to NLCI is that he is being kept away from inmates who can help him with this lawsuit. The plaintiff further asserts that he is experiencing pain from his medical condition. He also states that he does not trust that prison staff members' judgment is helping with his medical care.

The plaintiff does not specify what he wants the Court to do. On December 4, 2013, the Court denied the plaintiff's request for injunctive relief prohibiting his transfer to NLCI. The defendants provided evidence that:

> [T]he plaintiff was transferred to NLCI on October 25, 2013 because of his unmet program needs and because DOC staff concluded that a transfer to NLCI was in the best interest of his medical management plan. (Affidavit of DOC Director of Bureau of Health Services James Greer [Greer Aff.] ¶¶ 11-12.) The plaintiff was refusing medical treatment at his former institution and staff hopes that he will agree to cooperate with the NLCI health care team to manage his medical concerns. (Greer Aff. ¶ 14.) The transfer was not retaliatory. (Greer Aff. ¶ 30.) The facilities at NLCI are adequate to manage the plaintiff's medical needs. (Greer Aff. ¶ 31.)

(Court's Order of December 4, 2013, at 3.) Based on the Court's previous order and the plaintiff's lack of a specific request for relief, the plaintiff's motion to intervene will be

2

denied.

The plaintiff has filed a motion for continuance of scheduling order. (Docket No. 42.) He asserts that he was placed in segregation on January 4, 2014, and has been requesting his legal materials since then. The Court construes the plaintiff's motion as a motion for extension of time. The Court will extend the deadlines for the completion of discovery and for filing dispositive motion by 60 days from the date of this order. The plaintiff further asserts that he does not understand the Scheduling Order. The Court notes that the plaintiff was recently mailed a copy of the Court's pro se guide, Answers to Prisoner Litigants' Common Questions, which explains the discovery process and dispositive motions in general. Since then, he has filed two discovery related motion and appears to be comprehending the process.

The plaintiff has filed two motions requesting production of medical documents from the Department of Corrections (DOC) and the University of Wisconsin Hospital (UW Hospital). (Docket Nos. 42, 44.) He asserts that the defendants have failed to provide him copies of his medical records that he authorized in his medical authorization for release of medical documents. In response, the defendants assert that they do not possess the plaintiff's UW Hospital medical records but that the plaintiff may request these records directly from UW Hospital. (The defendants also provide the address for requesting the records.) They further assert that he may review his DOC medical records by requesting his DOC medical file at NLCI.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to appoint counsel (Docket No. 36) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to intervene (Docket No. 38) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for continuance of scheduling order (Docket No. 40) is **granted**. The Scheduling Order is amended as follows: the deadline for the completion of discovery is **June 2, 2014**, and the deadline for filing dispositive motions is **July 3, 2014**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for production of medical documents (Docket No. 42) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket No. 43) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket No. 44) is **denied**.

Dated at Milwaukee, Wisconsin, this 2nd day of April, 2014.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**